UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SCHMITT,

        Plaintiff,                           Case No. 2:20-cv-13151

v.

                                              Hon. George Caram Steeh

BELLE TIRE DISTRIBUTORS, INC.,

        Defendant.

_____/

ORDER GRANTING MOTION FOR APPROVAL
OF FLSA SETTLEMENT (ECF NO. 29) AND
<u>DISMISSING ACTION WITH PREJUDICE</u>

      Before the court is Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Attorneys' Fees and Costs. Having reviewed the record, legal authority, and settlement agreement *in camera*, the court approves the settlement, as set forth below.

      Plaintiff and the FLSA Collective Members alleged that Defendant failed to pay them overtime compensation as required by the Fair Labor Standards Act. After some discovery, the parties engaged in mediation and reached a settlement. Defendant will pay a total settlement amount of $400,000, which represents approximately 93% of the total unpaid overtime based on the longest possible limitations period.

In reviewing a FLSA settlement, the court must consider whether it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982). In determining whether a proposed settlement is fair and reasonable, the court considers the totality of the circumstances, including

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012).

A bona fide dispute exists in this case over the application of the FLSA overtime provisions, the retail and service establishment exemption, the willfulness of the violations, and whether a two- or three-year statutory period is applicable. The settlement was reached with the assistance of an independent mediator, reflecting arms-length bargaining and lack of fraud or collusion. Considering the factual and legal disputes, as well as the expense and risk of further litigation, the settlement amount of $400,000 represents a reasonable compromise. The court further finds the attorney fee of one-third of the settlement amount and the requested costs to be customary and reasonable.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Attorneys' Fees and Costs (ECF No. 29) is GRANTED, as follows:

1. This Order incorporates by reference the definitions in the Final Settlement Agreement and Release (the "Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein.

2. The Parties' Settlement Agreement as submitted for *in camera* review is hereby approved as a fair, equitable, and reasonable resolution of a *bona fide* dispute under the FLSA.

3. The Gross Settlement Amount of Four Hundred Thousand Dollars and Zero Cents ($400,000.00) is approved.

4. Plaintiff Richard Schmitt is approved as Representative of the FLSA Collective and the proposed service award, in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) to Plaintiff Richard Schmitt for his service in pursuing this litigation and in exchange for a general release of claims, is approved.

5. Plaintiff's unopposed request for attorneys' fees in the amount of One Hundred Thirty-Three Thousand, Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($133,333.33) and actual

costs of up to Six Thousand Nine Hundred Twenty-Seven Dollars and Zero Cents ($6,927.00) are approved.

6. The Court directs that the settlement funds be distributed in accordance with the terms of the Settlement Agreement.

7. In accordance with the terms of the Settlement Agreement, this action is DISMISSED WITH PREJUDICE.

Dated: January 21, 2022

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 21, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk